IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIP McFADDEN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-18-2021 |
| POLICE OFFICER STARKEY, # 5133 | * | |
| POLICE OFFICER STEWART, #5956, | | |
| POLICE OFFICER BOOTHE, #4661, | * | |
| JUDGE PHILIP TIRABASSI, | | |
| | * | |
| Defendants | | |
| | * | |

***

## **MEMORANDUM**

Plaintiff Kip McFadden filed this complaint, together with a motion for leave to proceed in forma pauperis, on July 3, 2018. Because McFadden indicates that he has no income, the court will grant the motion to proceed in forma pauperis. The court will treat the complaint as filed pursuant to 42 U.S.C. §1983.

The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. 28 U.S.C. § 1915(a). To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim by an indigent litigant which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

McFadden alleges that on an unspecified date, he was "falsely arrested," his property was destroyed, and his family was placed under "stress and trauma" as a result of a traffic stop. ECF No. 6 at 1. McFadden claims that he was "kidnapped" and taken by gunpoint after he "presented officers with copies of the law." *Id.* McFadden asserts that at trial Judge Tirabassi "yelled forcefully that State had jurisdiction, making [Judge Tirabassi] a part of the crime as well and had me arrested for criminal refusal to disobey a [sic] officer that didn't have lawful reason to

stop me in the first place." *Id.* As relief, McFadden wants $3 million dollars for the defendants' violation of the Constitution. *Id.*

The Maryland Judiciary Case Search website shows that on May 8, 2018, McFadden was found guilty in the District Court for Baltimore County of violations arising from a traffic stop on February 25, 2018, in Pikesville, Maryland for (1) failure to maintain a legible registration plate (Case 1NB0F4F); (2) failure to display a registration card on demand (1ND0F4F); (3) failure of a vehicle on a highway to display lighted lamps, illuminating device in unfavorable visibility conditions (Case 1NF0F4F); (4) driving on a highway with obstructions hanging from the rearview mirror interfering with a clear view (Case 1NG0F4F), and (5) failure to provide truthful identification (Case INH0F4F). On June 1, 2018, McFadden was sentenced in the Circuit Court for Baltimore County to 60 days of incarceration concurrent with any other outstanding or unserved sentence, to begin on May 8, 2018 with costs suspended due to indigency. An appeal bond was set and posted for $10,000.00. Case Number 03K18002337 (Cir. Ct. Balt. Cnty). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail. The appeal is pending. *Id.*

Regarding McFadden's allegations against Judge Tirabassi, an Associate Judge in the District Court of Maryland, Baltimore County, the doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a judicial defendant from assessment of damages, but also protects that judge from damages suits entirely. *Id.* at 11. The claims against Judge Tirabassi will be denied with prejudice.

Further, McFadden has been found guilty of the above enumerated violations. He has been sentenced and has noted an appeal, which is pending. Under these circumstances, his claim for damages against the remaining defendants is premature. The Supreme Court has held "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751. (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Since McFadden has been convicted and this civil suit would impugn that conviction, *Heck* requires dismissal.

Accordingly, it is this 25th day of July 2018, by the United States District Court for the District of Maryland, hereby ordered:

1. The motion for leave to proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The claims against Judge Tirabassi ARE DISMISSED with prejudice;

3. The claims against the remaining defendants ARE DISMISSED without prejudice as premature;

4. The Clerk SHALL CLOSE this case; and

5. The Clerk SHALL SEND a copy of this order to Kip McFadden.

_____
Catherine C. Blake
United States District Judge